# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS MILLER, et al., | ) | CASE NO. 5:13cv135 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WAYNE SAVINGS & LOAN COMPANY, | ) | AND ORDER |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiffs Dennis D. Miller, Gladys C. Miller and Russell Jay Gould (collectively "plaintiffs") filed the above-captioned complaint against Wayne Savings & Loan Company ("defendant"). (Doc. No. 1.) For the reasons stated below, the complaint is **DISMISSED**.

## I. BACKGROUND

Plaintiffs Dennis and Gladys Miller ("the Millers") are married to each other. Their relationship to plaintiff Russell Gould, who resides in Milwaukee, Wisconsin, is not disclosed. The 16-page complaint the parties filed is distinguished solely by the fact that it does not contain a single grammatically complete sentence. It is, however, captioned a "Quo-Warranto-Complaint." (Doc. No. 1.) Therefore, the court will construe the action as such.[1]

It is worth noting that the Millers attached a mortgage contract to the complaint on which they marked the word: "Evidence." (Doc. No. 1-2.) It appears they entered into an Open End Mortgage Agreement with Wayne Savings & Loan on or about April 20, 1981. At the bottom of the agreement is a stamp that reads, as follows, "The conditions of this mortgage have

---

[1] Although the Millers indiscriminately use the words "fraud" and "fraudulent" throughout their complaint, there are no facts alleged in the pleading. Therefore, the Court cannot construe the nature of their allegations beyond the complaint caption.

been complied with and the same is hereby satisfied and discharged. [Signed] Wayne Savings & Loan Co. Gary C. Miller V.P." *Id.* Adjacent to that statement is another stamp, which reads: RELEASE [hand written] '7-3-86', COPIED FROM THE ORIGINAL MORTGAGE. [Signed] Richard Graven RECORDER." *Id.* The document is riddled with handwritten annotations, including: "ITALICS-WORD=NO-WORD." *Id.*

## II. DISCUSSION

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

### B. Federal Jurisdiction

"Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies'." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). "As an incident to the elaboration of this bedrock requirement, [the Supreme] Court has always required that a litigant have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Id.* To establish

standing under Article III, the following three requirements must be in place: (1) the plaintiff has suffered "an injury in fact," (2) that injury bears a causal connection to the defendant's challenged conduct, and (3) a favorable judicial decision will likely provide the plaintiff with redress from that injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992). As the parties bringing the claim, plaintiffs bear the burden to show their standing to bring it. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004).

In consideration of these principles, the Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. Where, as here, plaintiffs have not articulated any injury they suffered based on an act performed by defendant, they have failed to satisfy the most basic pleading requirement.

Legal conclusions alone are not sufficient to present a valid claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). This Court is not required to accept unwarranted factual inferences. *Id*.; *see also, Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) ("A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions."). To set forth a valid claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also, Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim.") Even liberally construed, the complaint in this case does not set forth a colorable claim for relief.

### C. Writ of *Quo Warranto*

Even allowing an analysis of this action as a writ of *quo warranto*, it must still fail. Under Ohio Rev. Code § 2733.01(A), a *quo warranto* action may be brought in the name of the state "[a]gainst a person who usurps, intrudes into, or unlawfully holds or exercises a public office . . . within this state . . . ." As set forth in Ohio Rev. Code §§ 2733.04 and 2733.01, the Ohio Code authorizes the Attorney General or prosecuting attorney to initiate a *quo warranto* action. *See, e.g., State ex rel. Huron Cnty. Prosecutor v. Westerhold*, 72 Ohio St. 3d 392, 394 (1955). In addition, any "person[s] claiming to be entitled to a public office unlawfully held and exercised by another" may also bring a *quo warranto* action under Ohio Rev. Code § 2733.06. *State ex rel. Coyne v. Todia*, 45 Ohio St. 3d 232, 238 (1989) (quoting *State ex rel. Annable v. Stokes*, 24 Ohio St. 2d 32, 32–33 (1970)).

The Millers do not fall within any class or entity entitled to bring a *quo warranto* action. Even if this Court had subject matter jurisdiction over the complaint, plaintiffs lack standing to bring this action. Thus, having failed to secure original jurisdiction, this Court would decline to exercise supplemental jurisdiction over any *quo warranto* claim. *See* 28 U.S.C. § 1367(a).[2]

---

[2] Although plaintiff Russell Gould resides in Wisconsin, no other relevant facts are alleged that might suggest plaintiffs are attempting to establish jurisdiction based on diversity of citizenship. *See* 28 U.S.C. §1332.

## III. CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** for lack of subject matter jurisdiction. The Court **CERTIFIES** that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: February 12, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] Section 1915(a)(3) provides, **"**An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."